# UNITED STATES DISTRICT COURT
# NORTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| ANGELA GRANDINETTI and MARIO GRANDINETTI, <br><br> Plaintiff, <br><br> v. <br><br> UBER TECHNOLOGIES, INC. a foreign corporation, and ZEMIN LI, <br><br> Defendants. | Case No. _____ |

## NOTICE OF REMOVAL

NOW COMES the Defendant ZEMIN LI, by and through his attorneys Albert C. Angelo of HINSHAW & CULBERTSON, LLP, and for his Notice of Removal of the above-captioned case brought by Plaintiffs ANGELA GRANDINETTI and MARIO GRANDINETTI, in the Circuit Court of Cook County, Illinois, Case No. 2019-L-006970, to the United States District Court for the Northern District of Illinois, Eastern Division, pursuant to 28 U.S.C. §1332, 28 U.S.C. §1441, and 28 U.S.C. §1446, states as follows:

## STATEMENT OF THE CASE

1. On June 24, 2019, Plaintiff filed a Complaint (attached as part of **Exhibit A**) in the Circuit Court of Cook County, Illinois, bearing the caption *Angela Grandinetti and Mario Grandinetti v. Uber Technologies, Inc. and Zemin Li*, Case No. 2019-L-006970, which is incorporated herein by reference.

2. Defendant Zemin Li has not yet been served with the Complaint in Case No. 2019-L-006970, but is aware of the filing of this case and consents to the jurisdiction of this court, without waiving service in the state court matter.

3. Plaintiff Angela Grandinetti alleges that she sustained injuries due to a motor vehicle accident that occurred on April 7, 2019. On information and belief based on telephone

conversations with Plaintiff's counsel, Plaintiff Angela Grandinetti has allegedly sustained post-concussion injuries and has memory and hearing issues due to this accident. Additionally, Plaintiff Angela Grandinetti has allegedly sustained lost wages due to time off working as a realtor in Ottawa, Ontario, Canada.

4. Plaintiff Mario Grandinetti alleges a cause of action for loss of consortium due to his wife's alleged injuries in the subject motor vehicle accident.

5. This case is properly removed to this Court pursuant to 28 U.S.C. 1441 because Defendant Li has satisfied the procedural requirements for removal and this Court has subject matter jurisdiction pursuant to 28 U.S.C. 1332.

## DIVERSITY JURISDICTION UNDER 28 U.S.C. 1332
## (DIVERSITY OF CITIZENSHIP)

6. Jurisdiction exists in a removal action if the case might have originally been brought in federal court. 28 U.S.C. 1441(a); *Caterpillar, Inc. v. Williams*, 482 U.S. 386, 392 (1987).

7. This case could have originally been brought in the United States District Court pursuant to 28 U.S.C. 1332, which provides:

(a) The district courts shall have original jurisdiction of all civil actions where the matter in controversy exceeds the sum or value of $75,000, exclusive of interest and costs, and is between –

(2) citizens of a State and citizens or subjects of a foreign state . . .

8. An actual case and controversy has arisen between the parties in this civil action and the amount in controversy exceeds the sum or value of $75,000.

9. Defendant Zemin Li resides in Illinois and is, therefore, a citizen of the State of Illinois.

10. Defendant Uber Technologies, Inc. is incorporated in Delaware and has its principal place of business in California, and is, therefore, a citizen of the States of California and Delaware.

11. On information and belief, Plaintiffs Angela Grandinetti and Mario Grandinetti each reside in Ottawa, Ontario, Canada, and are, therefore, citizens of Canada.

12. Based upon the foregoing, it is this Defendant's good faith belief that the amount in controversy in this action exceeds $75,000.

## CONCLUSION

13. This action, based upon diversity of citizenship of Plaintiff from all parties properly joined and served, and the amount in controversy having met the threshold, is, therefore, properly removable, pursuant to 28 U.S.C. 1441(a) and (b).

14. Pursuant to 28 U.S.C. §1441(a), removal to the United States District Court for the Northern District of Illinois, Eastern Division is proper because that District embraces the Circuit Court of Cook County of the State of Illinois, the place where this action is currently pending.

15. Pursuant to 28 U.S.C. §1446(a), copies of all process, pleadings, and orders are attached collectively as **Exhibit A**.

16. Pursuant to 28 U.S.C. §1446(b)(2)(A), the undersigned counsel has contacted Defendant Uber Technologies, Inc., and Defendant Uber Technologies, Inc. consents to this notice of removal, attached as **Exhibit B**.

17. Pursuant to 28 U.S.C. §1446(d), Defendant Zemin Li will promptly file a copy of this Notice of Removal in the Circuit Court of Cook County, State of Illinois, and give written notice of the removal of this action to all parties involved.

18. By removing this action to this Court, Defendant Zemin Li does not waive any defenses, objections, or motions available to him under state or federal law.

WHEREFORE, pursuant to 28 U.S.C. §1441 and 1446, Defendant ZEMIN LI respectfully removes to this Court the action docketed under 2019-L-006970 in the Circuit Court of Cook County, Illinois, to the United States District Court for the Northern District of Illinois. Respectfully submitted,

By: /s/ Albert C. Angelo
One of the Attorneys for Defendant
ZEMIN LI

Albert C. Angelo
aangelo@hinshawlaw.com
(312) 704-3509
Hinshaw & Culbertson LLP
151 N. Franklin Street, Ste. 2500

304184502v1 1021907