**UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION**

| | |
|---|---|
| ANGELA GRANDINETTI and MARIO GRANDINETTI, ) ) ) | |
| Plaintiffs, ) | No. 19 C 05731 |
| ) | |
| v. ) | |
| ) | Judge Edmond E. Chang |
| UBER TECHNOLOGIES, INC. and ZEMIN LI, ) ) | |
| ) | |
| Defendants. ) | |

**MEMORANDUM OPINION AND ORDER**

Angela Grandinetti was injured in a car accident while she was riding in an Uber. As a result, Grandinetti and her husband Mario filed suit in state court against Uber and Zemin Li, who was driving the Uber. R. 1-1, Compl. Li removed the case to federal court. Notice of Removal at 4. Now, the Grandinettis seek to send the case back to state court on the basis of certain procedural defects. R. 9, Mot. to Remand. For the reasons explained below, the motion to remand is denied.

## I. Background

In April 2019, Angela Grandinetti called an Uber and was picked up by Zemin Li. Compl. ¶¶ 3-4. Li allegedly ran a red light at the intersection of Hubbard Street and Orleans Street in Chicago. *Id.* ¶¶ 1, 7, 10. At that moment, another car was driving through the intersection on a green light and crashed into the passenger side of Li's Uber. *Id.* ¶¶ 1, 7. Angela was injured. *Id.* ¶ 11.

In June 2019, Angela and her husband Mario filed suit against Uber and Li in the Circuit Court of Cook County. Compl. at 5. The Grandinettis claim that Uber and Li were negligent, causing both the accident and Angela's injuries. *Id.* ¶¶ 8-11. Alleging two counts of negligence, the Grandinettis seek monetary damages "in excess of" $50,000 from both Uber and Li. *Id.* at 7-8.

In July 2019, the Sheriff's Office of Cook County properly served Uber with the complaint. Compl. at 10. That same month, the Sheriff's Office tried to serve Li but could not get ahold of him. *Id.* at 12. In fact, throughout this action, Li has never been formally served. R. 17, Pls.' Reply Br. at 1-2.

Despite not being formally served, in August 2019, Li filed a notice of removal to federal court, asserting diversity jurisdiction under 28 U.S.C. § 1332(a)(2). Notice of Removal ¶¶ 6-7. In the notice of removal, Li alleged that the Grandinettis are citizens of Canada. *Id.* ¶ 11. Li also alleged that Uber is incorporated in Delaware and has its principal place of business in California. *Id.* ¶ 10. And finally, Li alleged that he himself is a citizen of Illinois. *Id.* ¶ 9. Uber also filed a consent to the removal, as required by 28 U.S.C. § 1446. Notice of Removal, Exh. B, Consent to Removal. Believing that Li's notice of removal was procedurally defective and improper, the Grandinettis now ask this Court to remand the case to state court. Mot. to Remand.

## II. Analysis

Removal is governed by 28 U.S.C. § 1441. Generally speaking, so long as the case could have originally been filed in federal court, the case may be removed. 28 U.S.C. § 1441(a); *Caterpillar Inc. v. Williams*, 482 U.S. 386, 392 (1987); *Ne. Rural*

2

*Elec. Membership Corp. v. Wabash Valley Power Ass'n*, 707 F.3d 883, 890 (7th Cir. 2013). As mentioned earlier, Li premises removal in this case on diversity jurisdiction. Diversity jurisdiction requires that the parties be of diverse state citizenship and that the amount in controversy exceed $75,000. 28 U.S.C. § 1332(a); *Dart Cherokee Basin Operating Co. v. Owens*, 574 U.S. 81, 83-84 (2014). Each defendant has 30 days after being served to file a notice of removal. 28 U.S.C. § 1446(b)(2)(B); *Murphy Bros. v. Michetti Pipe Stringing, Inc.*, 526 U.S. 344, 347-48 (1999) (holding that a defendant's removal clock is triggered by formal service on that defendant). When removal is based on diversity, "all defendants who have been properly joined and served must join in or consent" to removal. 28 U.S.C. § 1446(b)(2)(A); *Home Depot U. S. A., Inc. v. Jackson*, 139 S. Ct. 1743, 1746 (2019).

Here, the Grandinettis make three arguments in support of remand. First, they argue that Li's removal was procedurally defective under 28 U.S.C. § 1446(b)(2)(A) because Uber missed the purported deadline to consent to Li's notice of removal. Mot. to Remand at 3. Second, the Grandinettis contend that Li's removal was untimely because the removal clock had started when Uber was served and expired before Li filed his notice of removal. Pls.' Reply Br. at 3. Finally, the Grandinettis argue that Li cannot remove the case at all because he is a citizen of Illinois, so his attempt at removal runs afoul of the forum-defendant rule, 28 U.S.C. § 1441(b)(2). Mot. to Remand at 3. The Court takes these arguments in turn.

3

## A. Timeliness of Uber's Consent

First, the Grandinettis argue that, by the time that Li filed the notice of removal on August 26, it was too late for Uber to consent to the removal. Mot. to Remand at 3. According to the Grandinettis, Uber's removal clock began on July 3, 2019—when Uber was served—and expired 30 days later on August 2. *Id.* So, the Grandinettis argue, Uber could not give timely consent when Li filed the notice of removal on August 26. *Id.* at 1, 3.

In response, Li points to the statute that governs the removal procedure, 28 U.S.C. § 1446. Section 1446(b)(2)(C) anticipates that defendants often are served at different times, and thus allows an earlier-served defendant to consent to removal by a later-served defendant:

> If defendants are served at different times, and a later-served defendant files a notice of removal, any earlier-served defendant may consent to the removal even though that earlier-served defendant did not previously initiate or consent to removal.

Based on this authorization, Li argues that Uber's consent was timely and valid even if Uber itself ran out of time to file a notice of removal. Put another way, it does not matter that Uber's own 30-day period expired, because Li counts as a "later-served defendant," thus triggering Uber's ability to consent as an "earlier-served defendant."

The Grandinettis counter that the later-served provision does not apply in this situation because Li has never been formally served—so he cannot be a "later-served defendant." Pls.' Reply Br. at 1-2. Although this is a close question of statutory interpretation, the Court agrees: Li is not a "later-served" defendant because he was never formally served. "As with all questions of statutory interpretation, we start

4

with the text of the statute to ascertain its plain meaning." *United States v. Melvin*, 948 F.3d 848, 851 (7th Cir. 2020) (cleaned up).[1] "If the statutory language's plain meaning is unambiguous, our inquiry ends there." *Id.* at 852.

Remember that the later-served provision starts, "If defendants are served at different times, and a later-served defendant files a notice of removal," then earlier-served defendants can jump on the removal bandwagon at that point. 28 U.S.C. § 1446(b)(2)(C). The text is unambiguous. Section 1446(b)(2)(C) kicks in only when "defendants are served at different times" and only when a "*later-served* defendant files a notice of removal." *Id.* (emphasis added). Here, that is not the case. Li has not been served. Notice of Removal ¶ 2. Having not been served, Li is not the "later-served defendant" to whom Section 1446(b)(2)(C) applies. Li cannot rely on it to show that Uber's consent was valid.

As it turns out, however, Li does not need to rely on the later-served provision at all in defending the validity of Uber's consent. That is because the removal statute only requires that co-defendants (more specifically, those co-defendants who have been properly joined and served) consent at the time when the notice of removal is *filed*, and does not otherwise impose a time limit on those consents. Section 1446(b)(2)(A) sets forth the required timing of the consent—at the time of the removal—and sub-paragraph (B) gives every defendant 30 days to *file* a notice of removal, but says nothing more about *consenting* to the removal:

---

[1] This Opinion uses (cleaned up) to indicate that internal quotation marks, alterations, and citations have been omitted from quotations. *See* Jack Metzler, *Cleaned Up Quotations*, 18 JOURNAL OF APPELLATE PRACTICE AND PROCESS 143 (2017).

5

> (A) *When a civil action is removed* solely under section 1441(a), all defendants who have been properly joined and served must join in or consent to the removal of the action.
>
> (B) Each defendant shall have 30 days after receipt by or service on that defendant of the initial pleading or summons described in paragraph (1) to *file* the notice of removal.

28 U.S.C. § 1446(b)(2)(A)-(B) (emphases added). The Grandinettis in effect combine these sub-paragraphs to argue that, after Uber served, Uber only had 30 days not only to *file* a notice of removal, but also to *consent* to a removal by another defendant. Mot. to Remand at 2-3. That is wrong. All that Section 1446(b)(2)(A) requires is that "all defendants who have been properly joined and served" (in this case Uber) consent to removal when it is filed. 28 U.S.C. § 1446(b)(2)(A). Neither this section nor any other puts the *consent* to removal on any sort of clock, other than there must be co-defendant consent at the time of the removal's filing. In contrast, Section 1446(b)(2)(B) gives a defendant 30 days "*to file*" a notice of removal after "service on that defendant." 28 U.S.C. § 1446(b)(2)(B) (emphasis added). Filing a removal notice and consenting to one are not the same thing. So while a defendant who wishes to remove a case has only 30 days to *file* a notice of removal, a defendant who is asked to *consent* to removal is not barred from doing so simply because the that defendant's 30-day *filing* clock has expired. Uber's same-day consent to the notice of removal, Consent to Removal at 2, is valid.

The Grandinettis offer another timeliness argument, contending that Li's notice of removal was untimely under the so-called "first-served defendant rule." Pls.' Reply Br. at 2-3. This rule, they argue, starts the 30-day removal clock for *all*

6

defendants on the day that the *first* defendant is served. *Id.* at 2. Although the Grandinettis acknowledge that the Seventh Circuit has never adopted this rule, *id.* at 2 n.1, they contend that "this case must be remanded" under the "first-served defendant rule," *id.* at 2-3. They assert this even while acknowledging that the Supreme Court has held that a defendant's removal clock can only be triggered by formal service of process. *Id.* at 2 n.1 (citing *Murphy Bros.*, 526 U.S. at 347-48).

What the Grandinettis do not acknowledge is that, in 2011, Congress dispensed with the first-served defendant rule and wiped out the line of cases that the Grandinettis rely on. Section 1446(b)(2)(B) was enacted in 2011 to resolve a circuit split over whether all defendants were bound by the removal clock of the "first-served defendant." H.R. REP. NO. 112-10, at 13-14 (2011). The amendment now ensures "equal treatment of all defendants in their ability to obtain Federal jurisdiction … ." *Id.* at 14. As the Seventh Circuit recently explained, "something as important as the choice between a state court and a federal court … cannot be resolved against a party without bringing the party into the case through formal service of process." *Coleman v. Labor & Indus. Review Comm'n*, 860 F.3d 461, 472 (7th Cir. 2017). So the pertinent statute says, "*[e]ach* defendant shall have 30 days after receipt by or service on *that defendant* of the initial pleading or summons described in paragraph (1) to file the notice of removal." 28 U.S.C. § 1446(b)(2)(B) (emphases added). A defendant must be served before the removal clock can start running as to that defendant.

7

Here, Li was never served with formal process, Notice of Removal ¶ 2, so his removal clock never started ticking. If a defendant is not on the clock, then he cannot be late. Li's notice of removal was timely.

**B. Forum Defendant**

To understand the Grandinettis' next argument, which is based on the forum-defendant rule, 28 U.S.C. § 1441(b), some background is needed on diversity jurisdiction and its purpose. If a state-court action could have originally been filed in federal court, then a defendant may remove the action to federal court. 28 U.S.C. § 1441(a); *Caterpillar Inc.*, 482 U.S. at 392; *Ne. Rural Elec. Membership Corp.*, 707 F.3d at 890. Under 28 U.S.C. § 1332(a), "district courts shall have original jurisdiction of all civil actions where the matter in controversy exceeds the sum or value of $75,000, exclusive of interest and costs, and is between … citizens of a State and citizens or subjects of a foreign state … ." 28 U.S.C. § 1332(a). In this case, there is no dispute over complete diversity and the amount in controversy. As noted earlier, the Grandinettis are citizens of Canada, Uber is a citizen of Delaware and California, and Li is a citizen of Illinois.[2] Compl. ¶¶ 9-11. Diversity jurisdiction is thus proper.

---

[2] Li's notice of removal asserted that he "resides in Illinois and is, therefore, a citizen of the State of Illinois." Notice of Removal ¶ 9. Residency does not necessarily equate to domicile (which is the definition of citizenship for diversity-jurisdiction purposes). In any event, in Li's response to the motion to remand, he changed course to assert that he is not a citizen of Illinois but, rather, "a Chinese citizen" who "resides in Illinois." Def.'s Resp. Br. at 7. This flip-flopping appears crafted to defeat the forum-defendant argument. "Citizenship for purposes of diversity jurisdiction is domicile … ." *Dakuras v. Edwards*, 312 F.3d 256, 258 (7th Cir. 2002). Domicile has two elements: "physical presence in a state … [and] intent to remain there … ." *Denlinger v. Brennan*, 87 F.3d 214, 216 (7th Cir. 1996). Here, Li is physically present in Illinois, as he admits, and he offers no reason to suggest that he does not intend to remain in Illinois. So, for purposes of diversity jurisdiction, Li is an Illinois citizen.

8

That said, even when diversity jurisdiction applies, the removing party "must also clear the additional hurdle of ... the forum defendant rule." *Morris v. Nuzzo*, 718 F.3d 660, 665 (7th Cir. 2013) (cleaned up). The forum-defendant rule limits the removability of diversity cases when a defendant is a citizen of the forum:

> A civil action otherwise removable solely on the basis of [diversity] jurisdiction ... may not be removed if any of the parties in interest properly joined and served as defendants is a citizen of the State in which such action is brought.

28 U.S.C. § 1441(b)(2). The rationale for the forum-defendant rule goes like this: the primary purpose of diversity jurisdiction is to give out-of-state litigants access to federal court because out-of-staters "might otherwise suffer from local prejudice." *Hertz Corp. v. Friend*, 559 U.S. 77, 85 (2010). So if a home-state defendant—like Li—is sued in his home state, then he has nothing to fear in his home-state court, and should not be able to remove the case to federal court.

Not surprisingly, the Grandinettis argue that Li, as a citizen of Illinois, cannot remove the case in light of the forum-defendant rule. Mot. to Remand at 3, 5. In response, Li argues that the forum-defendant rule does not apply. R. 16, Def.'s Resp. Br. at 8. That might seem like an odd argument, because Li is a citizen of Illinois. But remember that the statutory text reads like this: the case cannot be removed "if any of the parties in interest properly joined and *served* as defendants" is a citizen of the forum state. 28 U.S.C. § 1441(b)(2) (emphasis added). Li points out that he has never been formally served, so the forum-defendant rule does not apply to him.

Cases in the Northern District of Illinois are divided over whether to apply the forum-defendant rule when (as in this case) the removing party has not been properly

9

"served," yet (obviously) knows about the case and has filed a notice of removal. *See D.C. v. Abbott Labs, Inc.*, 323 F. Supp. 3d 991, 994 (N.D. Ill. 2018); *Graff v. Leslie Hindman Auctioneers, Inc.*, 299 F. Supp. 3d 928, 934 (N.D. Ill. 2017); *Estep*, 67 F. Supp. 3d at 958. *See also* Mot. to Remand at 3; Def.'s Resp. Br. at 3. Some cases have applied the forum-defendant rule even when the defendant has not been served, thus resulting in remand of the case back to state court. *See Estep*, 67 F. Supp. 3d at 962; *Vivas v. Boeing Co.*, 486 F. Supp. 2d 726, 734-35 (N.D. Ill. 2007).³ Other courts hold to the contrary: that the rule does not apply to an unserved in-state defendant like Li. *See D.C.*, 323 F. Supp. 3d at 996-97; *Graff*, 299 F. Supp. 3d at 937. *See also* Mot. to Remand at 4; Def.'s Resp. Br. at 4-7. The Seventh Circuit has not decided the issue. *See D.C.*, 323 F. Supp. 3d at 993. And the only federal court of appeals to decide the issue held that the rule does not apply to unserved forum defendants. *See Encompass Ins. v. Stone Mansion Rest., Inc.*, 902 F.3d 147, 153-54 (3d Cir. 2018).⁴

    The plain meaning of the governing statute leaves no wiggle room: removal is barred only when any "properly joined and *served*" defendant is a forum citizen. 28 U.S.C. § 1441(b)(2) (emphasis added). Courts "must enforce plain and unambiguous

---

³*Estep* and *Vivas* both expressed concern over the strategic maneuvering of the forum defendants. In *Estep*, removal was filed by a corporation that was being "sued frequently" and was monitoring electronic dockets to remove cases the same day that complaints were filed with the court. 67 F. Supp. 3d at 961-62. Likewise, in *Vivas*, the court was concerned that the defendant, who removed the case before *any* defendant had been served, might be taking advantage of the statute's provisions in a "strategic move of early removal." 486 F. Supp. 2d at 733. Those might be legitimate policy concerns, but the statute's *legal* meaning does not change from case to case.

⁴Without directly deciding whether to apply the forum-defendant rule to an unserved defendant, the Sixth Circuit has noted that "the inclusion of an *unserved* resident defendant in the action does not defeat removal under 28 U.S.C. § 1441(b)." *McCall v. Scott*, 239 F.3d 808, 813 n.2 (6th Cir. 2001) (emphasis in original).

statutory language," *Hardt v. Reliance Standard Life Ins.*, 560 U.S. 242, 251 (2010), under the "assumption that the ordinary meaning of that language accurately expresses the legislative purpose," *Gross v. FBL Financial Services, Inc.*, 557 U.S. 167, 175 (2009) (cleaned up). Because the forum-defendant rule's language is clear and unambiguous, this Court has no choice but to enforce the plain meaning. The only possible exceptions would be if "doing so would frustrate the overall purpose of the statutory scheme, lead to absurd results, or contravene clearly expressed legislative intent." *Jefferson v. United States*, 546 F.3d 477, 483 (7th Cir. 2008) (cleaned up).

The Grandinettis argue that sticking to the plain meaning of "properly joined and served" would supposedly contravene legislative intent. Mot. to Remand at 5. In support, the Grandinettis point out that the "purpose of diversity jurisdiction [is] to prevent local prejudice … ." *Betar*, 603 F.2d at 35 (cleaned up). That is right. But it is not as if allowing forum defendants to remove diverse-citizenship cases would *encourage* local prejudice against out-of-staters. All that would happen is that a diverse-citizenship case is in federal court. If anything, as explained below, what is undermined is the plaintiff's choice of forum—but that is not the same as undermining the forum-defendant rule specifically or the statutory framework for federal jurisdiction generally.

Next, the Grandinettis contend that the purpose of the statute's reference to "properly joined and served" defendants is not fulfilled by allowing an unserved forum-defendant to remove a case. Mot. to Remand at 4-5. "The purpose of the joined

11

and served requirement is to prevent a plaintiff from blocking removal by joining as a defendant a resident party against whom it does not intend to proceed, and whom it does not even serve." *Vivas*, 486 F. Supp. 2d at 734 (cleaned up); *Holmstrom v. Harad*, 2005 WL 1950672, at *2 (N.D. Ill. Aug. 11, 2005); *Stan Winston Creatures, Inc. v. Toys "R" Us, Inc.*, 314 F. Supp. 2d 177, 181 (S.D.N.Y. 2003). In other words, the purpose of the rule is to prevent fraudulent joinder—suing either a nondiverse defendant or a forum defendant just to make sure that the case stays in state court. But nothing about allowing an unserved forum defendant to avoid the forum-defendant rule would frustrate that purpose. Defendants that are fraudulently *joined* still do not count against complete diversity, so plaintiffs still cannot defeat complete diversity by fraudulently adding non-diverse defendants. Enforcing the statute's plain meaning would not frustrate the goal of preventing fraudulent joinder.[5]

Third, the Grandinettis contend that allowing unserved forum defendants to remove a case does not square with the rationale underlying the forum-defendant rule. Pls.' Reply Br. at 4. As discussed earlier, the forum-defendant rule is "designed to preserve the plaintiff's choice of forum, under circumstances where it is arguably less urgent to provide a federal forum to prevent prejudice against an out-of-state party." *Morris*, 718 F.3d at 665 (cleaned up). It is true, as the Grandinettis assert, Pls.' Reply Br. at 4, that the circumstances in this case make it "less urgent to provide a federal forum to prevent prejudice against an out-of-state party." *Morris*, 718 F.3d at 665 (cleaned up). Once again, however, enforcing the text as-is does not so intensely

---

[5]It is worth noting that this case does not appear to present any specific fraudulent-joinder concern: Li was driving the Uber when the accident occurred. Compl. ¶¶ 3, 5, 7.

12

undermine the statute's purpose that a federal court should rewrite the plain text. Indeed, the plain meaning of the removal statute governs because federal courts must assume "that the ordinary meaning … accurately expresses the legislative purpose." *Gross*, 557 U.S. at 175 (cleaned up). This is just as true for the "properly joined and served" language as it is for the rest of the statute's text. Congress enacted the "properly joined and served" language in Section 1441(b) at the statute's inception back in 1948, when Section 1441(b) had no subparagraphs. *See* 28 U.S.C. 1441(b) (1948) ("Any other such action shall be removable only if none of the parties in interest *properly joined and served* as defendants is a citizen of the State in which such action is brought.") (emphasis added). Congress has left that particular statutory text intact for decades, and it is not the role of the federal courts to rewrite it. Sure, Congress might wish to amend the forum-defendant rule so that an unserved forum defendant cannot navigate around the rule by filing the notice of removal before service of process. But that is for Congress to do.

Lastly, the Court must consider whether enforcing the plain meaning of the "properly joined and served" language would lead to "absurd results." To repeat, unless the result would be absurd, the plain meaning must control. *See Nat'l Tax Credit Partners, L.P. v. Havlik*, 20 F.3d 705, 707 (7th Cir. 1994) ("Subject to the standard proviso about absurd results, when the statute itself resolves the problem at hand that is an end to matters."). But a result must be truly absurd to justify discarding the plain language. Even a result that produces a serious disparity is for Congress to fix, not the courts. For example, a drug-penalty statute required that

13

those convicted of selling more than one gram of a "mixture or substance" containing LSD must be sentenced to a mandatory minimum of five years. *Chapman v. United States*, 500 U.S. 453, 455 (1991). The plain meaning of "mixture or substance" required that the blotter paper containing the LSD counted toward the mandatory-minimum weight. *Id.* at 461-62. That meant that someone who sold one dose of LSD on one piece of blotter paper would be punished more severely than someone who sold close to 20,000 doses of *pure* LSD (there are around that many doses in one gram). *Id.* at 457. Yet the Supreme Court refused to deem the statute as absurd. *Id.* at 463.

If the LSD-punishment scheme in *Chapman* was not so absurd that the plain meaning did not control, then the removal statute's expression of the forum-defendant rule also is not absurd. The "properly joined and served" language protects against fraudulent joinder, while at the same time the rest of the provision generally prevents forum-defendant removal. Yes, the language is imprecise to the extent that an unserved forum defendant can evade the forum-defendant rule by removing before service of process. And that end-run around the rule is more possible in the modern area of the federal court's electronic-docketing system. But perfection is not required of congressional drafters on pain of federal courts rewriting a statute. At the end of the day, the result in this case does not rise (or perhaps the right word is "descend") to the requisite level of absurdity. *Encompass Ins.*, 902 F.3d at 153-54 (holding that interpreting the removal statute in this way "may be peculiar" but "the outcome is not so outlandish as to constitute an absurd or bizarre result."). The plain meaning controls.

14

## IV. Conclusion

The removal of the case to federal court is valid. Both Li's notice and Uber's consent were timely. And the removal statute sets forth the forum-defendant rule in a way that does not prevent an in-state defendant from removing a case before service of process. The motion to remand is denied. The parties shall confer and file a joint initial status report (see R. 5 for the requirements) by August 12, 2020. The status hearing of August 5, 2020, is reset to August 21, 2020, at 8:30 a.m., but to track the case only (no appearance is required, the case will not be called). Instead, the Court will review the status report and use it to set the schedule.

ENTERED:

*Edmond E. Chang*
Honorable Edmond E. Chang
United States District Judge

DATE: August 1, 2020